UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMEN PATTERSON

    Plaintiff,

v.

PROGRESSIVE MARATHON INSURANCE
COMPANY

    Defendant.
_____/

Case No. 18-10415

Honorable Nancy G. Edmunds

**ORDER AND OPINION DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [13]**

Pending before the Court is Defendant Progressive Marathon Insurance Company's motion for summary judgment. (ECF No. 13.) Progressive contends that Plaintiff's claim for first-party no-fault insurance benefits in connection with an auto accident should be dismissed because the insured allegedly misrepresented her residential address in her application for the policy. Progressive argues that as a result of this misrepresentation, it is entitled to rescind the policy and deny coverage to Plaintiff as a matter of law. Plaintiff opposes the motion. On December 19, 2018, the Court held a hearing in connection with Progressive's motion. For the reasons set forth below, the Court **DENIES** the Motion.

**I.    Background**

On January 31, 2017, Plaintiff Amen Patterson sustained injuries in a motor vehicle accident. Plaintiff was driving his 2016 Ford F-150 pickup truck at the time of the accident. The truck was insured by Progressive.

1

Plaintiff is not the named insured on the Progressive insurance policy, however. On January 30, 2015, a women named Angela Hudson, Plaintiff's former girlfriend, obtained an auto insurance policy from Progressive for her 2009 Buick Enclave. On September 28, 2015, Ms. Hudson added Plaintiff and his 2005 Ford F-150 pickup truck to her Progressive policy. In December 2016, Plaintiff's 2005 Ford F-150 was replaced on the policy by his newly acquired 2016 Ford F-150.

After his accident, Plaintiff made a claim on the Progressive policy for first-party no-fault insurance benefits. On May 30, 2017, Progressive denied Plaintiff's claim. In its denial letter, Progressive explains that it was denying Plaintiff's claim because it discovered that the vehicles listed on the policy were garaged at multiple locations and not at the address identified in the insurance application. According to Progressive, this constituted a misrepresentation or concealment of a material fact at the inception of the policy that warranted denial of Plaintiff's claim. Although Progressive denied coverage for Plaintiff's claim, it did not actually rescind or void the insurance policy.[1]

On January 3, 2018, Plaintiff initiated this action in Wayne County Circuit Court asserting claims for breach of the policy and seeking to recover first-party no-fault insurance benefits. On February 5, 2018, Progressive removed the case to this Court and subsequently filed its answer and affirmative defenses. (ECF No. 1.) On September 21, 2018, Progressive moved for summary judgment on Plaintiff's claims.

In its motion, Progressive argues that it is entitled to summary judgment because Plaintiff and Ms. Hudson misrepresented, in her initial insurance application and subsequently upon the renewal of the policy, the location where the vehicles would be

---

[1] Counsel for Progressive indicated at the hearing that policy has not actually been rescinded at this time.

garaged.  Specifically, Progressive contends that Ms. Hudson falsely listed her former address of 20855 Lahser Road, #815, Southfield, Michigan 48033 on her insurance application as the address where her vehicle would be garaged when she actually resided with Plaintiff at two other addresses throughout the duration of the policy: 19931 Marlowe Street, Detroit, Michigan 48235 and 16159 Gilchrest Street, Detroit, Michigan 38235. Progressive contends the summary judgment evidence establishes that neither Plaintiff, nor Ms. Hudson, actually resided at the Southfield address at the inception of the policy and that none of their vehicles were actually ever garaged at the Southfield address as allegedly represented in the insurance application.  Progressive further argues that Ms. Hudson and Plaintiff intentionally misrepresented their addresses and the locations at which their vehicles would be garaged in order to obtain insurance coverage and lower insurance premiums.  And Progressive maintains that it would not have issued the policy to Ms. Hudson or agreed to provide coverage for Plaintiff's vehicle had either of the other two addresses been identified as the location where the vehicles would be garaged. Progressive asserts that these facts entitle it to rescind the policy and deny coverage for Plaintiff's claims as a matter of law.

In support of its motion, Progressive submits the following as summary judgment evidence: (Exhibit A) the police report from Plaintiff's accident; (Exhibit B) Plaintiff's complaint in this lawsuit; (Exhibit C) Ms. Hudson's insurance application; (Exhibit D) an insurance declaration page dated January 30, 2015; (Exhibit E) an insurance declaration page dated September 28, 2015; (Exhibit F) Bureau of Driver and Vehicle Records Report; (Exhibit G) Plaintiff's Deposition Transcript; (Exhibit H) Progressive's denial letter

to Plaintiff; and (Exhibit I) the insurance policy.[2]  Progressive does not, however, submit any testimony from its own employees or representatives.  Progressive also does not present any testimony from Ms. Hudson.

Plaintiff raises four arguments in response to Progressive's motion.  First, Plaintiff argues Progressive cannot deny coverage on the basis of a material misrepresentation when it has not actually rescinded the policy and continues to collect premiums.  Second, Plaintiff argues Progressive does not have an absolute right to rescind the policy because Plaintiff is not the insured on the policy.  Third, Plaintiff argues he is not bound by the contractual provision Progressive relies on in denying his claim because he is not actually a party to the insurance policy.  Finally, Plaintiff argues Progressive fails to establish as a matter of law the existence of fraud or a misrepresentation of material fact in connection with Ms. Hudson's application for the insurance policy.  Plaintiff contends there are genuine issues of material fact as to whether Plaintiff or Ms. Hudson actually made a misrepresentation of a material fact that was relied upon by Progressive and therefore summary judgment is not proper.

**II.     Summary Judgment Standard**

"Summary judgment is proper only if the moving party shows that the record does not reveal a 'genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir.2014) (quoting FED. R. CIV. P. 56(a)).  A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  But "[w]here the

---

[2] In addition, Progressive attaches as Exhibit A to its reply brief copies of Ms. Hudson's auto-financing invoices from Capital-One.

record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation marks omitted) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

This case was filed in state court and removed here on diversity grounds. (*See* ECF No. 1.) "[F]ederal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) (quoting *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). When deciding issues of substantive law, this Court must apply the law of the state's highest court. *Saab Auto. AB v. Gen. Motors Co.,* 770 F.3d 436, 440 (6th Cir.2014). If the state's highest court has not decided the applicable law, the state law must be ascertained "'from all relevant data,' which includes the state's appellate court decisions." *Id.* (quoting *Garden City Osteopathic Hosp. v. HBE Corp.,* 55 F.3d 1126, 1130 (6th Cir.1995)).

**III.   Analysis**

Michigan law is well-settled that a material misrepresentation made in an application for no-fault insurance entitles the insurer to rescind the policy *ab initio*. *21st Century Premier Ins. Co. v. Zufelt*, 315 Mich. App. 437, 445, 889 N.W.2d 759, 764 (2016); *Lash v. Allstate Ins. Co.*, 210 Mich. App. 98, 103–04, 532 N.W.2d 869, 872 (1995). Rescission may be justified without regard to the intentional nature of the material misrepresentation as long as the representation is relied upon by the insurer. *Lake States Ins. Co. v. Wilson*, 231 Mich. App. 327, 331, 586 N.W.2d 113, 115 (1998). Reliance may

5

exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage. *Id.*

Here, Progressive fails to establish it is entitled to rescind the policy and deny coverage for Plaintiff's claims as a matter of law.[3] Setting aside the issues of whether or not Ms. Hudson actually made a false representation in her insurance application or whether such representation is attributable to Plaintiff, Progressive fails to establish that any alleged misrepresentation of the garaging address was material. Under Michigan law, a fact or representation in an application for insurance is "material where communication of it would have had the effect of substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Oade v. Jackson Nat'l Life Ins Co of Mich,* 465 Mich. 244, 253–254; 632 NW2d 126 (2001). Progressive contends in its briefing that it would not have issued and renewed the policy but for Ms. Hudson's representation that she resided at the Southfield address and that the vehicles covered by the policy would be garaged at that location. But Progressive presents no evidence to support this contention and fails to establish that such a representation was material to its decision to issue and renew the policy.[4] *Compare Auto-Owners Ins. Co. v. Motan*, No. 321059, 2015 WL 5247261, at *3 (Mich. Ct. App. Sept. 8, 2015) (finding that affidavit of insurance underwriter confirming that it would not have issued the policy had it been aware of the misrepresentations was sufficient to establish materiality). In other words, Progressive presents no evidence that

---

[3] The Court will assume for the purpose of its analysis that rescission is available to Progressive under the facts and circumstances of this case.

[4] Progressive indicates in its reply brief that it intends to submit an affidavit to support its contention that a misrepresentation concerning the garaging of a vehicle is a material misrepresentation and an uninsurable risk that it had not contemplated at the time of the policy's inception. However, no such affidavit has been submitted to the Court.

it would not have issued the policy had Ms. Hudson used a different address in her application, or that it would have rescinded coverage had she updated her address to a different location.

Moreover, although Progressive claims in its briefing that Plaintiff failed to disclose his vehicle would not be garaged at the Southfield address, Progressive's own summary judgment evidence suggests otherwise. Progressive's Exhibit E—the insurance declaration page adding Plaintiff and his vehicle to the policy—states that the garaging zip code for Plaintiff's vehicle is 48235 (*i.e.,* Detroit), not 48033 (*i.e.,* Southfield). This evidence suggests that Progressive knew Plaintiff's vehicle would be garaged at the Detroit address, not the Southfield address, at the time it was added to the policy, and nevertheless knowingly chose to extend coverage for the vehicle.

Similarly, Progressive contends in its briefing without any evidentiary support that Plaintiff and Ms. Hudson represented they resided at the Southfield address in order to obtain lower insurance premium rates. Progressive also fails to present any evidence that it actually relied on Plaintiff's or Ms. Hudson's representations concerning the garaging address in determining the premium amounts to be paid by Ms. Hudson, or that the premium amounts would in fact have been higher had Ms. Hudson used a different address in her application. Based on the record before the Court, Progressive fails to establish that there are no genuine issues of material fact with respect to its rescission defense. Therefore it is not entitled to summary judgment on Plaintiff's claim.[5]

---

[5] Because Progressive fails to establish its entitlement to rescission as a matter of law, the Court will not address Plaintiff's arguments that: (1) rescission is not available under the facts and circumstances of this case; and (2) Plaintiff is not bound by the terms of the insurance policy.

## IV. Conclusion

For the above-stated reasons, Progressive's motion for summary judgment is DENIED.

**SO ORDERED.**

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: January 8, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2019, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager